IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FREDY IVAN SALMERON VELASQUEZ,
        Petitioner,

v.                                                                    Civil No. 3:26cv310 (DJN)

PAUL PERRY, *et al.*,
        Respondents.

**<u>MEMORANDUM OPINION</u>**

Petitioner, a federal detainee proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1.)  In his § 2241 Petition, Petitioner complained that he had been denied a bond hearing and was not subject to mandatory detention. (ECF No. 1 at 3, 7–9.)  Petitioner argued that he was being detained pursuant to 8 U.S.C. § 1226 and therefore was entitled to a bond hearing. (*Id.*)  Respondent filed an Opposition. (ECF No. 5.)  Petitioner has not filed a response.  For the reasons that follow, the § 2241 Petition (ECF No. 1) will be DISMISSED AS MOOT.

## I.     PROCEDURAL HISTORY AND CLAIMS

Petitioner's § 2241 Petition was filed on April 15, 2026. (ECF No. 1.)  In his § 2241 Petition, Petitioner states that he was taken into immigration custody on April 28, 2025. (ECF No. 1 at 5.)  A removal or reinstatement order was issued on August 26, 2025, which Petitioner appealed on the issues of cancellation of removal for certain permanent residents and waiver for convictions of crimes of moral turpitude and hardship. (*Id.* at 5–6.)  Petitioner states that he is the "son and father of U.S. citizen[]s" and "[his] 8-year-old daughter has special need[s] and she needs [him]." (*Id.* at 8.)  Petitioner indicates that "[he] had [to] complete a few programs of rehabilitation and [he] [has] the certificates for it, and for approx. 30 more certificates of

different programs including [his] G.E.D" and believes that he is rehabilitated. (*Id.* at 7.)

Petitioner asks the Court to order "[his] release from ICE custody or, in the alternative, to order a

fair bond hearing." (*Id.* at 9.)

On June 22, 2026, Respondents filed an Opposition in which they assert that "on June 15,

2026, the Board of Immigration Appeals dismissed Petitioner's appeal and affirmed the

Immigration Judge's order of removal." (ECF No. 5 at 1.) Respondents argue that Petitioner is

now subject to a final order of removal, the basis of Petitioner's detention has changed to 8

U.S.C. § 1231, Petitioner is not entitled to a bond hearing, and the § 2241 Petition should be

dismissed as moot. (*Id.* at 1–3.) Based on Respondents' arguments, it is appropriate to review

the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II.    STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the

Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting

jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va.*

*Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors*

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.

1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in

two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the

petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing

*Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter

jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v.*

*United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp.

2

at 1338; *see also Adams*, 697 F.2d at 1219.  In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted).  Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)).  However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III.    FACTUAL BACKGROUND

Petitioner is a native and citizen of El Salvador and a lawful permanent resident.  (ECF No. 5-1 at 2.)  On April 16, 2023, Petitioner "pled guilty to and was convicted of robbery in violation of section 18.2-58 of the Virginia Code and sentenced to 5 years of imprisonment." (*Id.*; *see also* ECF No. 4-1 at 5.)  "On May 5, 2023, [Petitioner] was convicted of grand larceny in violation of section 18.2-95 of the Virginia Code and sentenced to 5 years of imprisonment." (ECF No. 5-1 at 2; *see also* ECF No. 4-1 at 5.)  Petitioner has been detained by Immigration and Customs Enforcement since April 28, 2025.  (ECF No. 1 at 7.)

The Department of Homeland Security "initiated removal proceedings and charged [Petitioner] with removability under . . . 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien convicted of two

3

or more crimes involving moral turpitude and . . . 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, as defined in . . . 8 U.S.C. § 1101(a)(43)(G) . . . ." (ECF No. 5-1 at 2.) In a decision dated August 26, 2025, "[t]he Immigration Judge sustained the charges of removability" and "determined that [Petitioner's] aggravated felony conviction barred him from obtaining cancellation of removal." (*Id.* at 2–3.) "The Immigration Judge further concluded that [Petitioner] did not merit cancellation of removal as a matter of discretion." (ECF No. 5-1 at 3.) Petitioner appealed. (*See id.*)

On April 15, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention. (ECF No. 1 at 3, 7–9.) Petitioner argued that he was being detained pursuant to 8 U.S.C. § 1226 and therefore was entitled to a bond hearing. (*Id.*)

On June 15, 2026, the Board of Immigration Appeals ("BIA") issued a decision affirming the Immigration Judge's decision, specifically the determination that Petitioner's "robbery conviction qualified as an aggravated felony for theft that renders him deportable and bars him from cancellation of removal." (ECF No. 5-1 at 3.) The BIA dismissed Petitioner's appeal of the Immigration Judge's order of removal. (*Id.*) Thus, Petitioner is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231.

"Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.' 8 U.S.C. § 1231(a)(1)(A). The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (quoting 8 U.S.C. 1231(a)(1)(A)).

## IV.    ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and

4

political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, the basis for Petitioner's detention changed during the pendency of his § 2241 Petition.  For the foreseeable future, Petitioner's detention is mandatory.  *See Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (quoting 8 U.S.C. 1231(a)(1)(A)).  This change in the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot.  *See Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) ("Petitioner concedes that his request for a bond hearing became moot after the issuance of an administratively final removal order.").  Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

### V.    CONCLUSION

The § 2241 Petition and the action will be DISMISSED AS MOOT.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

_____ /s/ _____
David J. Novak
United States District Judge

Richmond, Virginia
Date:  July 23, 2026

5